UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of the State of Michigan,

  Plaintiff,

v.

LAMBERT'S VINTAGE WINES, LLC,

  Defendant.

No.

HON.

# COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND MICHIGAN CONSUMER PROTECTION ACT

Attorneys for Plaintiff

DANA NESSEL
Attorney General

Jason A. Geissler (P69322)
Felepe H. Hall (P59533)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
P.O. Box 30005
Lansing, MI  48909
(517) 241-0210
geisslerj@michigan.gov

Dated: May 5, 2021

## I. PRELIMINARY STATEMENT

1. Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Lambert's Vintage Wines, LLC, (Lambert's) and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2. Lambert's has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3. These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4. The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5. In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted

to stop Lambert's from making illegal sales and shipments by issuing cease and desist letters. See Exhibits 1 and 2.

6. Lambert's failed to comply with the cease and desist requests.

7. Lambert's continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8. The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof." U.S. Const. Amend. XXI, § 2.

9. This lawsuit is required to restrain Lambert's from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens. See 27 U.S.C. § 122a(b)(1)-(2).

## II.  PARTIES

10.  Plaintiff Attorney General Dana Nessel brings this suit in her official capacity.

11.  Defendant Lambert's Vintage Wines, LLC, d/b/a Lambert's Winery, is a West Virginia company located at 190 Vineyard Drive, Weston, West Virginia.

## III.  JURISDICTION

12.  The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor."  27 U.S.C. § 122a(b).

13.  "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind."  27 U.S.C. § 122a(a)(2).

4

14. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15. Lambert's is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16. Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## IV. VENUE

17. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18. Lambert's made illegal sales and shipments of intoxicating liquor to two MLCC investigators on separate occasions.

19. One MLCC investigator to whom Lambert's sold and shipped intoxicating liquor resides in Laingsburg, Michigan, and the other resides in Ferndale, Michigan.

20. Laingsburg, Michigan, is in Shiawassee County, and Ferndale, Michigan, is in Oakland County; both counties are located in the Eastern District of Michigan federal judicial district.

21. Venue in the Eastern District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V. BACKGROUND

22. Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

23. For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Lambert's is violating Michigan laws governing the transportation and importation of intoxicating liquor.

24. Lambert's continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper license in the State of Michigan. Its activities constitute illegal importation of intoxicating liquors.

25. Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich. Comp. Laws § 436.1203(1).

26. "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

27. Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan. *See* Mich. Comp. Laws § 436.1203(4). "Direct shipper" is defined in the Michigan Liquor Control Code as "a person who sells, delivers, or imports wine, to consumers in this state, that he or she produces and bottles . . . and that is transacted or caused to be transacted through the use of any mail order, internet, telephone, computer, device, or other electronic means[.]" Mich. Comp. Laws § 436.1203(24)(i).

28. Only a licensed Michigan wine maker or an out-of-state wine producer and bottler holding both a federal basic permit and a license to manufacture wine in its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws § 436.1203(10).

29. Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

## VI. FACTS

30. Lambert's has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

8

### First Shipment to a MLCC Investigator

31. On or about September 13, 2019, a MLCC investigator placed an order on Defendant's website, www.lambertswinery.com, for the purchase and delivery of one bottle each of Black Currant wine, White Zinfandel wine, and Niagara wine to be shipped to Laingsburg, Michigan. (Exhibit 3, First Order Documentation).

32. The MLCC investigator purchased the three bottles of wine for $36.00 and paid $3.96 in taxes and $30.50 for shipping. *Id.*

33. On or about September 20, 2019, the MLCC investigator received a package containing one bottle each of Black Currant wine, White Zinfandel wine, and Niagara wine in Laingsburg, Michigan. (Exhibit 4, Photos of Bottles).

34. The package's return address read: J.B. Lambert, 190 Vineyard Dr., Weston, WV 26452. (Exhibit 5, Photo of Return Address Label).

### Cease and Desist Letter

34. On or about December 3, 2019, the Michigan Department of Attorney General sent a cease and desist letter to Lambert's at the

9

same address as the return address provided on the shipment, as well as at another address affiliated with Lambert's. (Exhibits 1 and 2.).

35. Each letter was sent via certified mail to each address, return receipt requested. The receipt for the address on Vineyard Drive was signed by J. B. Lambert on December 9, 2019.

36. The cease and desist letters informed Lambert's that its practice of directly shipping wine to consumers in the State of Michigan without possessing a direct shipper license is illegal. Furthermore, the cease and desist letters stated that legal action would result if Lambert's continued its illegal activity of selling and shipping alcoholic liquor directly to consumers in Michigan without the proper license. (Exhibit 1).

**Second Shipment to MLCC Investigator**

37. On or about October 7, 2020, another MLCC investigator placed an order on Lambert's website, www.lambertswinery.com, for the purchase and delivery of three 750 ml bottles of American Niagara wine to be shipped to Ferndale, Michigan. (Exhibit 6, Second Order Documentation).

10

38. The MLCC investigator purchased the three bottles of wine for $66.12 and paid $3.96 in taxes and $26.16 for shipping. *Id.*

39. On or about October 15, 2020, the MLCC investigator received a package containing a basket that included three 750 ml bottles of American Niagara wine in Ferndale, Michigan. (Exhibit 7, Photos of Bottles from Second Order).

40. The package's return address read: J.B. Lambert, 190 Vineyard Dr., Weston, WV 26452. (Exhibit 8, Return Label Second Order).

## COUNT I

## CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

41. Plaintiff incorporates by reference paragraphs 1-41 as if fully restated herein.

42. Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with

11

> this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--
>
> (1) restrain the person from engaging, or continuing to engage, in the violation; and
>
> (2) enforce compliance with the State law.

43. Because Lambert's lacked a direct shipper license, its sale and shipment of wine to Michigan consumers violated the prohibition in Mich. Comp. Laws § 436.1203(1).

44. Because Lambert's does not fit within one of the categories of persons permitted to sell, deliver, or import wine in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

45. Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

46. Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter,

furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

47. Violating the Michigan Liquor Control Code constitutes a crime. *See* Mich. Comp. Laws § 436.1909.

48. Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

49. All nonjudicial means of restraining Lambert's from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

50. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Lambert's from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

51. Plaintiff incorporates by reference paragraphs 1-51 as if fully restated herein.

52. Lambert's has engaged in illegal alcohol sales and shipments in Michigan-to-Michigan consumers.

53. These practices by Lambert's constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Lambert's has:

> (a) Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.
>
> * * *
>
> (c) Represent[ed] that goods . . . have approval . . . that they do not have . . . .
>
> * * *
>
> (n) Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.
>
> * * *
>
> (s) Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.
>
> * * *
>
> (bb) Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

14

(cc) Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

54. Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

55. Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## **REQUESTED RELIEF**

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a) Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate Mich. Comp. Laws §§ 436.1203(1), 436.1204(1), and 436.1901(1);

b) Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c) The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including violations learned of through the course of discovery, Mich. Comp. Laws § 445.905(1);

d) Reimbursement of investigative expenses incurred, Mich. Comp. Laws § 445.905(1);

e) An award of costs and attorney fees, Mich. Comp. Laws § 445.905(1); and

f) Any other relief determined to be just and appropriate.

    Respectfully submitted,

    DANA NESSEL
    Attorney General

    s/ Jason A. Geissler
    Jason A. Geissler (P69322)
    Felepe H. Hall (P59533)
    Melinda A. Leonard (P63638)
    Assistant Attorneys General
    Alcohol & Gambling Enforcement Division
    P.O. Box 30005
    Lansing, MI 48909
    (517) 241-0210
    geisslerj@michigan.gov

Dated: May 5, 2021